# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDERSON, et al.,<br><br>　　　　　Defendants. | 1:19-cv-01421-GSA-PC<br><br>**ORDER DIRECTING CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED AGAINST DEFENDANTS ANDERSON AND MCGRAW FOR RETALIATION UNDER THE FIRST AMENDMENT AND VIOLATION OF THE ADA; AND THAT ALL OTHER CLAIMS BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER § 1983**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.    BACKGROUND

George Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 9, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On September 15, 2020, the court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 7.) On October 15, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 8.) 28 U.S.C. § 1915.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Valley State Prison in Coalinga, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Correctional Officer (C/O) A. Anderson and C/O K. McGraw (collectively, "Defendants"). Plaintiff proceeds against Defendants in their individual and official capacities.

A summary of Plaintiff's allegations follows:

In January 2019, Plaintiff was assigned by prison officials to an educational program located within the prison, but only accessible through a Work Change area staffed by two correctional officers. The prison's local Operational Procedure 10246 requires that inmates pass

through the Work Change area and through a metal detector before going to their assigned educational programs. Operational Procedure 10246 states: "The aforementioned Work Change procedures shall be adhered to for all inmates being processed through Work Change <u>with the exception of inmates who have a disability that prevents the employment of standard search methods</u>." (First Amended Complaint, ECF No. 8 at 3 ¶ 10.)  These methods include the use of a hand-held metal detecting wand also known as a "Garret" device.  (<u>Id.</u>)

On January 14, 2019, Plaintiff attempted to access his educational program through the Work Change area and advised the two officers working there, defendants A. Anderson and K. McGraw, that he could not walk through the metal detector unaided by his walker.  "I need my walker.  I cannot walk through the machine without it." (<u>Id.</u> ¶ 11.)  C/O McGraw stated, "If you don't get through the metal detector, you ain't going through."  (<u>Id.</u> ¶ 12.)  Plaintiff responded, "You have a hand-held detector you use for wheelchair inmates you can use." (<u>Id.</u>)  K. McGraw repeated, "If you don't get through the metal detector, you ain't going through."  (<u>Id.</u>)  C/O A. Anderson then stated, "Go back to your housing unit, you ain't getting through here." (<u>Id.</u>)

Defendants Anderson and McGraw denied Plaintiff equal access to his educational program because of his disability.  Defendants did not seek to use any alternative methods to clear Plaintiff through the Work Change area, including the use of the hand-held metal detecting wand suggested by Plaintiff.  For approximately the next 11 days the same scenario took place and Plaintiff was denied equal access to his educational program because of his disability.

On February 9, 2019, Plaintiff received a CDCR 115 Rules Violation Report from his educational instructor citing a violation of CCR Title 15 § 3104(a) – Absent from Work Assignment.  The report stated that Plaintiff had missed a total of 31.5 hours from the program "or approximately 11 days."  (RVR #06466466.)  (<u>Id.</u> at 4 ¶ 15.)

On February 11, 2019, Plaintiff filed a CDCR 1824 Reasonable Accommodation Request form seeking "Equal Access to Educational Program, Medical Ducats, and General Access through the Work Change area."  (<u>Id.</u> at 4 ¶ 16.)  Plaintiff also advised that the prison's Operational Procedure 10246 provides for inmates who cannot comply with the regular procedure for processing through the Work Exchange area because of their disabilities, and that

3

the Work Change officers have refused to use the hand-held wand and continue to deny him equal access to programs.

On February 18, 2019, Plaintiff filed a CDCR 602 Appeal form in which he challenged the Rules Violation Report he received for missing 31.5 hours of his educational program, explaining that the Work Change officers had refused him access to his educational program because of his disabilities. (CDCR 1824 #VSP-C-19-00284.)

On February 28, 2019, Plaintiff filed a CDCR 602 Appeal form (VSP-C-19-00335) in which he challenged the RVR he received for missing 31.5 hours of his educational assignment, explaining that the Work Change Officers had refused him access to his assignment because of his disability. The appeal was denied through the Director's Level.

On March 6, 2019, Plaintiff filed another CDCR 602 Appeal form (VSP-C-19-00489) after Defendants A. Anderson and K. McGraw began retaliating against Plaintiff by requiring him to strip out in the Work Change area before going to his educational assignment. Inmates may be required to be strip-searched upon returning from their work or educational/vocational assignments to control contraband from entering the facility yards from areas "behind the wall." (Id. at 4 ¶ 18.) Defendants Anderson and K. McGraw stated, "You ain't tellin' us how to do our fu**in' jobs, if you ain't gonna clear the metal detector, you're gonna strip out both ways through!" (Id. at 4-5 ¶ 18.) Defendants could and should have, per policy, used the hand-held metal detector, but they elected to treat Plaintiff differently than other similarly-situated inmates. This was clearly done in bad faith and as retaliation for filing the Reasonable Accommodation Request that cited their previous actions. This was done in an attempt to chill Plaintiff's protected First Amendment activity to redress the government with grievances. Plaintiff was subsequently moved from C-Facility to B-Facility where there have been no issues with being processed through the Work Change area. Plaintiff alleges that Defendants, acting in concert, knowingly deprived Plaintiff of his rights under the Constitution of the United States by discrimination, deliberate indifference, violation of the Equal Protection Clause of the Fourteenth Amendment, violation of Plaintiff's protected First Amendment right to file grievances with prison officials

///

without fear of retaliation, and ADA Title II violations, without regard to Plaintiff's federally protected rights.

As relief, Plaintiff seeks monetary damages.

## IV. PLAINTIFF'S CLAIMS

### A. Americans with Disabilities Act (ADA) Claim

Title II of the ADA, 42 U.S.C. § 12131 et seq., and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 et seq. ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability;[1] (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially parallels an ADA cause of action. See Olmstead v. Zimring, 527 U.S. 581, 590 (1999); Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. U.S. v. Georgia, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 1206, 210 (1998); Armstrong v. Wilson, 124

---

[1] A "disability" under the ADA includes (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such impairment; or (3) being regarded as having such impairment. Kula v. Malani, 539 F. Supp. 2d 1263 (D. Haw. 2008).

F.3d 1019, 1025 (9th Cir. 1997). However, a state official sued in his official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action. See Applegate v. CCI, No. 1:16–cv–1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Ordinarily, a plaintiff is not entitled to monetary damages against defendants in their official capacities. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."). However, the Eleventh Amendment does not bar ADA or RA suits against state officials in their official capacities for injunctive relief or damages. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792–93 (9th Cir. 2004). However, monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall, 260 F.3d at 1138. Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40. Punitive damages may not be awarded in suits brought under Title II of the ADA. Barnes v. Gorman, 536 U.S.181, 189 (2002).

The court finds that Plaintiff states cognizable ADA claims against Defendants C/O Anderson and C/O McGraw in their official capacities.

**B.     Civil Rights Act -- 42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

///

///

1. **Prison's Operational Procedure 10246– State Law Claim**

Plaintiff claims that that Defendants failed to comply with the prison's Operational Procedure 10246. This is a state law claim. Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the court has found cognizable claims in the First Amended Complaint.

Plaintiff is also advised that the Government Claims Act requires exhaustion of state law claims with California's Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not done so. Therefore, Plaintiff's state law claim fails.

2. **Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson,

408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

The court finds that Plaintiff states cognizable claims for retaliation against Defendants Anderson and McGraw.

### 3. Equal Protection – Fourteenth Amendment

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

"'[T]he disabled do not constitute a suspect class' for equal protection purposes." Lee, 250 F.3d at 687 (quoting Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996)). In addition, "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." United States v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011); Glauner v. Miller, 184 F.3d 1053, 1054 (9th Cir. 1999) ("[P]risoners are not a suspect class...."); McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991) ("Inmates are not entitled to identical treatment as other inmates merely because they are all inmates."). Here, plaintiff fails to identify any other similarly-situated prisoners, and includes no allegations demonstrating that he was similarly situated to other prisoners who received preferential treatment.

Equal protection claims may be brought by a "class of one." See Village of Willowbrook, 528 U.S. at 564; Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). However, to succeed on a class-of-one theory, the plaintiff must establish that (1) the defendants intentionally treated him differently than similarly situated individuals and (2) there is no rational basis for the difference in treatment. Willowbrook, 528 U.S. at 564; North Pacifica LLC, 526 F.3d at 486. Plaintiff has not done so.

Plaintiff fails to state a claim for violation of his rights to equal protection because he has not shown that he was treated differently than other similarly situated individuals without a rational relationship to a legitimate state purpose.

### 4. Conspiracy

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an "'actual deprivation of his constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) ). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

///

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Although he uses the phrase "acted in concert," he does not provide any specific facts that show that Defendants had an agreement to retaliate against him or otherwise violate his constitutional rights. There is absolutely no indication of any agreement between any of the defendants. Therefore, Plaintiff fails to state a claim for conspiracy.

## V.    CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff states cognizable claims against Defendants C/O Anderson and C/O McGraw for retaliation under the First Amendment and violation of the ADA, but no other claims against either of the Defendants.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court is persuaded that Plaintiff is unable to allege any additional facts, based upon the circumstances he challenges, that would state a cognizable claim under § 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies in Plaintiff's claims outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case,

and

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff proceed in this case with his cognizable claims against Defendants C/O Anderson and C/O McGraw for retaliation in violation of the First Amendment and violation of the ADA;
2. All other claims be dismissed from this case based on Plaintiff's failure to state a claim;
3. Plaintiff's state law claims, claims for violation of his rights to equal protection, and claims for conspiracy be dismissed from this case based on Plaintiff's failure to state a claim;
4. Plaintiff's state law claims be dismissed without prejudice to bringing the claims in state court; and
5. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days after the date of service** of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 19, 2021**         **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE